UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TOAN THAI, ET AL. | CIVIL ACTION NO. 05-1958 |
| versus | JUDGE STAGG |
| MILLER TRUCK LINES, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

### **MEMORANDUM ORDER**

Members of the Thai family filed suit in state court arising from a car accident. Defendants removed the case based on an assertion of diversity jurisdiction. The current record is lacking in facts sufficient to find that the removing parties have satisfied their burden of establishing that more than $75,000 is in controversy with respect to any of the plaintiffs.[1]

The court has an independent duty to ascertain that it has subject matter jurisdiction over a civil action. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). "There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). In a removed case, the removing defendant has the burden of showing that the amount in controversy element of diversity jurisdiction is satisfied. In determining whether the

---

[1] If one plaintiff's claims are shown to satisfy the amount in controversy requirement, the court will have supplemental jurisdiction over the claims of the other plaintiffs even if their claims do not independently satisfy the amount in controversy requirement. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611 (2005).

defendant has met that burden, the court may look to the plaintiffs' pleadings to see whether it is facially apparent that the claims are for more than $75,000. The removing attorney may also support jurisdiction by setting forth the facts in controversy, either in the notice of removal or by affidavit, that support a finding of the requisite amount. <u>Luckett v. Delta Airlines</u>, 171 F.3d 295, 298 (5th Cir. 1999); <u>Simon v. Wal-Mart Stores, Inc</u>., 193 F.3d 848 (5th Cir. 1999).

The petition alleges that Mr. Thai suffered "severe damage to his person and property" in the accident and that his daughter was "injured as a result of the fault" of the defendants. The petition does not describe the nature, duration or extent of the damages, nor does it hint at the nature or expense of any related medical care. The petition does categorize the damages into areas such as medical expenses, loss of earning capacity and the like, but no amounts or specific facts are suggested. The notice of removal merely repeats the minimal information found in the petition and does not add any additional facts. Defendants have not presented or pointed to sufficient *facts* that show it is more likely than not that more than $75,000 is in controversy.

The removing parties will be permitted until **February 17, 2006** to file an **Amended Notice of Removal** and attempt to set forth specific facts to satisfy their burden with respect to the amount in controversy. If the defendants did not possess the information at this early stage to plead such facts, they did not need to remove the case prematurely. Their thirty day period for removal is commenced by service of the original petition "only when that pleading

affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir. 1992).

The court will review the case again after the deadline. If it is determined that the removing defendants have not satisfied their burden, the case may be remanded without further notice. If the removing parties do not believe they can satisfy their burden, they should notify the court in writing, and the case will be remanded.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 25th day of January, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE