RECEIVED
AUG 1 1 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TOAN THAI, ET AL. | CIVIL ACTION NO. 05-1958 |
| versus | JUDGE STAGG |
| MILLER TRUCK LINES, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the court is Defendants' Motion to Compel (Doc. 22) seeking an order directing Plaintiff to sign certain authorizations for the release of Plaintiff's medical, personnel, education, employment, social security disability, tax and social security earnings records. For the reasons that follow, the Motion to Compel is **granted.**

Mr. Thai alleges he was seriously injured on July 13, 2005, when an 18-wheel truck rear-ended a car in which Plaintiff and his daughter were riding. Petition, ¶ 2. Plaintiff's memorandum in opposition to the motion to compel states that Mr. Thai was taken from the scene of the accident to LSU Medical Center in Shreveport where he was admitted for a 36-day hospital stay and underwent multiple surgeries for "life-threatening injuries." Plaintiff's Memorandum, p.1. Plaintiff also contends he has incurred in excess of $232,600 in medical bills.

In opposition to Defendants' request for the signed authorizations, Plaintiff argues that filing a suit for personal injuries does not make Plaintiff's entire life an "open book" for Defendants; that he has not put his past medical history at issue in this suit; that his past

medical history is not relevant to the subject matter in the pending action; that the issue of medical authorizations is moot because Defendants have already subpoenaed records from all health care providers listed by Plaintiff in his discovery responses; and that he has never filed for unemployment, social security disability or received any social security earnings. Plaintiff also argues that Defendants' request for blanket, unrestricted authorizations for the records in question is burdensome, intrusive and completely irrelevant.

Plaintiff's objections to the requests for medical and other authorizations sought by Defendants are overruled. Notwithstanding Plaintiff's argument in opposition to the motion to compel, Plaintiff's allegations in the lawsuit regarding the extent of his injuries and damages, including his past, present and future damages (such as physical and mental pain and suffering, medical expenses and wages) squarely put Plaintiff's past medical and employment history at issue in this lawsuit. While each case is unique and must be decided on its own facts, courts routinely direct plaintiffs to provide authorizations of the types sought in this case. See Johnson v. Coca-Cola Enterprises, Inc., 2006 WL 1308152 (W.D. La. 2006); Mirtes v. Norfolk Southern Railway, 2005 WL 3527292 (N.D. Ohio 2005).

It also is not appropriate for Mr. Thai to attempt to limit the authorizations to only the health care provider (LSU Medical Center) identified by him in his responses to discovery. It is not unusual for parties to forget about some of their trips to a doctor. Limiting the authorizations to only those health care providers identified by Plaintiff would lead to concern and suspicion on the part of opposing parties that Plaintiff failed to disclose relevant

information in discovery. (Of course, the court is not suggesting that Plaintiffs or their counsel have not been forthcoming in discovery.) Furthermore, signing the medical records authorization sought by Defendants may be somewhat "intrusive," but the intrusion is a necessary one given the allegations in the petition regarding the severity and extent of the injuries and damages. There is no undue burden on (or harassment of) Plaintiff if Defendants send a medical records authorization to a facility or provider that never treated Plaintiff.

For the same reasons discussed above, Defendants also are entitled to obtain the authorizations for the release of Plaintiff's personnel, education, unemployment, social security disability, tax and social security earnings records. The information covered by these authorizations is directly relevant to Plaintiff's claims for damages, including his claims for loss of earning capacity and lost future wages, and the court perceives no undue burden on Plaintiff in executing those releases. With regard to Plaintiff's tax returns, Plaintiff apparently has already produced to Defendant tax returns for the five years preceding the accident. However, given the nature and extent of the alleged injuries and damages, Defendants' request for tax returns for the last ten years is appropriate. Plaintiff may limit that authorization to the last ten years.

For the foregoing reasons, Defendants' Motion to Compel (Doc. 22) is **granted.** Plaintiff Toan Thai is directed to execute and return to Defendants the requested authorizations within ten (10) days of the date of this order.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 11th day of August, 2006.

                                                          MARK L. HORNSBY
                                        UNITED STATES MAGISTRATE JUDGE