UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TOAN THAI, ET AL.                          CIVIL ACTION NO. 05-1958

versus                                     JUDGE STAGG

MILLER TRUCK LINES,                        MAGISTRATE JUDGE HORNSBY
INC., ET AL.

## <u>MEMORANDUM ORDER</u>

Before the court is Defendants' Motion to Compel Plaintiff's Re-Deposal (Doc. 50).

For the reasons that follow, the Motion to Compel is **granted in part** as follows.

Defendants' motion represents that Toan Thai ("Plaintiff") was deposed on April 25,

2006; that the parties unsuccessfully mediated the case on October 5, 2006; that Defendants

then obtained surveillance video that contradicts certain health oriented statements made by

Plaintiff at the mediation; and that Plaintiff's physical health status has apparently improved

in the seven months since his first deposition. Defendants seek a second deposition of

Plaintiff "to obtain accurate testimony concerning Plaintiff's current health status and earning

capacity while, at the same time, preserving the impeachment value of their recently acquired

surveillance video." Motion, ¶ 4. Plaintiff opposes the motion and argues that "it would be

an abuse of the court's discretion" to allow a second deposition because Defendants have

already taken ten depositions and because Plaintiff has already been deposed. Plaintiff also

points out that the discovery deadline in this case has already expired. Memorandum in

Opposition, pp. 1-2.

Whether to allow a second deposition of a plaintiff following surveillance by a defendant is a question on which reasonable minds can and do disagree. Compare <u>Romero v. Chiles Offshore Corp.</u>, 140 F.R.D. 336 (W.D. La. 1992) and <u>Evan v. Estell</u>, 203 F.R.D. 172 (M.D. Penn. 2001). <u>See also</u>, Hittner, <u>Federal Civil Procedure Before Trial</u>, ¶ 11:960, p. 11-98 (5th Cir. Edition). However, after considering all of the arguments of the parties, the court finds that the better exercise of discretion under the circumstances in this case is to allow Defendants to take a limited, second deposition of Plaintiff. The deposition shall be limited to no more than two hours of questioning by counsel for Defendants. The scope of the second deposition is limited to issues arising out of the surveillance evidence and to Plaintiff's physical and mental condition, including the ability to work, during the time which has elapsed since the initial deposition. <u>Romero</u>, 140 F.R.D. at 337. Immediately following the second deposition, Defendant shall produce a copy of the surveillance evidence to counsel for Plaintiff. Counsel are directed to confer by telephone to schedule the deposition so as to minimize the disruption of the parties' preparation for the upcoming pretrial conference and trial.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 28th day of December, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE